## King v. Gross.

*Negligence—Injuries—Personal examination of plaintiff—Practice, C. P.*
In an action to recover damages for personal injuries, the defendant has a right to an examination of the person of the plaintiff by medical experts before the trial, at a proper time and place, and under proper conditions and restrictions.

Rule to show cause why a personal examination should not be made to locate personal injuries. C. P. Union Co., Sept. T., 1920, No. 59.

*F. E. Bower* and *C. C. Lesher,* for plaintiff.

*Cloyd Steininger,* for defendant.

POTTER, P. J., April 18, 1922.—This is an action brought by the plaintiff against the defendant to recover damages for personal injuries.

A petition was duly presented, praying for an order upon the plaintiff, directing her to submit to a personal examination by physicians or surgeons, in order to ascertain whether or not the alleged injuries are real or simulated, as well as their extent and character.

A rule was granted upon the plaintiff and her answer was filed.

There appears to be a scarcity of rulings upon this question by the courts of Pennsylvania.

At bar, it was practically admitted by counsel for the plaintiff that such an examination was a matter of right. And there was no strenuous denial of the right to have tests made by electrical apparatus in such a manner as to produce no pain or injuries.

The whole object of a trial in court is to the end that justice may be done both parties to the suit.

The defendant should not be denied the reasonable right of testing out the truth of the plaintiff's allegations, and especially so where she alleges personal injuries which are latent and which can be discovered by the aid of experts in the medical science only.

Should the defendant be denied this right, a precedent would be established which might prove dangerous to the ends of justice, and which might be the means of permitting unjust and even fraudulent recoveries by the aid of testimony of witnesses whose sole source of information is derived from the plaintiff, from declarations and simulations intended to promote untruthful evidence against a defendant.

While this examination may prove to be unpleasant and even embarrassing to the plaintiff, she being a woman, nevertheless, we feel it to be our duty to order it.

And now, to wit, April 18, 1922, it is ordered that the plaintiff submit to a personal examination on a date or dates to be fixed by her, between the dates of April 24th and May 4, 1922, at the Geisinger Hospital, at Danville, Penna., she or her counsel to give at least three days' notice thereof to the defendant or his counsel. The examination to be conducted by Dr. Foss, the chief surgeon of that hospital, or by some other equally efficient physician agreed upon by the parties hereto or their counsel. No other persons to be present except

2 D. & C.

physicians to be chosen by her, not exceeding two in number, a like number to be chosen by the defendant and counsel for both parties to this suit.

That such examination be by manipulation, inspection or by electric tests, including X-ray photographs, by means of batteries or electric current of such moderate power as is approved by medical authorities in like cases, and as will not inflict pain or endanger life or health, either or all.

That no questions be asked the plaintiff as to the nature or extent of her injuries, or in any manner relating to her claim or the circumstances of her injury, except to ask her where she suffers pain, so that the injuries may be located.

All her proper and reasonable expenses incident to this examination to be paid to her by the defendant, upon being approved by this court, and all proceedings in this case to be stayed till this order is complied with.

From Charles P. Ulrich, Selins Grove, Pa.